UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KEVIN RUDEK, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:08-CV-288 |
| v. | ) |
| | ) Chief Judge Curtis L. Collier |
| FREDERICK J. HANNA | ) |
| & ASSOCIATES, P.C., | ) |
| *Defendant*. | ) |

**MEMORANDUM**

Before the Court is Defendant Frederick J. Hanna & Associates' motion to dismiss or for summary judgment. Plaintiff filed a response in opposition to the motion. The Court will treat the motion as one to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In considering this motion, the Court reviewed the documentation submitted by Plaintiff, some of which was also submitted into the record by Defendant, as well as Plaintiff's complaint and accompanying affidavit, Defendant's memorandum in support of its motion, and the applicable law. For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion (Court File No. 4).

**I.    RELEVANT FACTS**

Plaintiff received a letter dated October 7, 2008 from an attorney for Defendant. The first paragraph of the letter states Defendant represents "JP MORGAN CHASE in its effort to collect your delinquent debt as shown above." Above that paragraph, the letter has four lines. The first line says "JP MORGAN CHASE"; the second line gives a reference number; the third lines lists a balance; and the fourth line gives a file number. The second paragraph of the letter explains Plaintiff

has 30 days to dispute the validity of the debt and how he can go about doing that.

The next week, Plaintiff sent a request to validate the debt. The next month, Plaintiff received a letter dated November 7, 2008 from a legal assistant working for Defendant. The letter begins:

> We are in receipt of your letter in which you stated there is a dispute with the aforementioned account and your request for verification. Your account was originally opened with CHASE BANK USA, N.A. on April 29, 2005, and your last payment was received on February 11, 2008. Our client has verified that the balance of $5,192.65 to be true, correct, and still owing at this time.

The letter then indicates Defendant's willingness to accept a specific settlement and expresses hope for a speedy conclusion to the matter. Plaintiff asserts the letter provided no relevant documents to resolve the dispute.

Plaintiff states Defendant "contacted him" after receiving the validation notice without providing proper validation of the debt. Plaintiff asserts Defendant "further has failed to cease communication" and called him at work twice. He then asserts he was called at home five times after he instructed Defendant to cease verbal communication.

Plaintiff asserts Defendant has "pulled his credit file without permission" in violation of 15 U.S.C. § 1681b(a)(3) (and also includes a document purporting to support this allegation); sent letters through the U.S. Mail containing unsupported demands, in violation of 18 U.S.C. §§ 1341 & 1962; failed to send written debt validation notice, in violation of 15 U.S.C. § 1692(g); continued to collect on the debt before providing verification, in violation of 15 U.S.C. § 1692g(b); and committed fraud, defamation, and extortion in violation of 15 U.S.C. § 1692 and 18 U.S.C. § 1964(a).

2

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. DISCUSSION

In support of its motion, Defendant contends its verification in response to Plaintiff's letter satisfied its legal obligation under 15 U.S.C. § 1692g(b).[1] When a consumer notifies a debt collector in writing of a dispute over a debt, as Plaintiff did, the debt collector is required to:

> cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of

---

[1] Defendant also contends its initial communication satisfies the requirements of § 1692g(a). Since Plaintiff never alleges any violation of that section, the Court will not discuss this issue.

> the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Defendant contends it complied with the verification requirement by providing Plaintiff with the name of the original creditor and stating that the client has verified the balance to be true, correct, and still owing. In addition, Defendant informed Plaintiff of when the last payment was received. The Sixth Circuit has not addressed what constitutes appropriate verification. But other courts have held that the verification provided here—confirmation of the debt, which is then relayed to the debtor—is sufficient. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."); *Ducrest v. Alco Collections*, 931 F. Supp. 459, 462 (M.D. La. 1996) (holding debt collector can rely on its clients' representation and has no duty to independently investigate claims); *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1994), *aff'd without opinion*, 66 F.3d 342 (11th Cir. 1995) (The FDCPA does not "require a debt collector independently to investigate the merit of the debt, except to obtain verification, or to investigate the accounting principles of the creditor, or to keep detailed files."); *accord Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1174 (9th Cir. 2006); *Anderson v. Frederick J. Hanna & Assocs.*, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005).

This conclusion is consistent with the plain language of the statute. Defendant satisfied its obligation by "obtain[ing] verification of the debt" and mailing a copy of the verification to the consumer. 15 U.S.C. § 1692g(b). Plaintiff implies he is entitled to additional documentation to resolve a "dispute." But verification is only intended to "eliminate the . . . problem of debt

4

collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Chaudhry*, 174 F.3d at 406. "There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." *Id.*

This conclusion addresses Plaintiff's allegation that Defendant failed to send written debt validation notice, in violation of 15 U.S.C. § 1692(g). But Plaintiff asserts a number of other violations, none of which Defendant addresses in its motion. Most notably, Plaintiff contends Defendant "pulled his credit file without permission" and communicated with him unlawfully. Seeing as Defendant has not addressed these allegations, Defendant's motion will only be granted in part.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion to dismiss (Court File No. 4).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**